UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER ALPHONSO MINNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 4:13-CV-678-SPM |
| | ) |
| DEAN MINOR,[1] | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 13). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the petition will be dismissed.

### I. PROCEDURAL BACKGROUND

On November 30, 2009, a jury found Petitioner guilty of first-degree assault and armed criminal action. (Resp't. Ex. B at 35). On January 7, 2010, a judge in the Circuit Court of St. Louis County, Missouri, sentenced Plaintiff to two 15-year sentences to run concurrently. (*Id.* at 35-37). The Missouri Court of Appeals affirmed Petitioner's conviction. (Resp't Ex. E at 4-5). On December 23, 2010, Petitioner filed a motion for post-conviction relief under Missouri Rule 29.15, which was subsequently amended by appointed counsel and denied by the trial court after

---

[1] Petitioner is incarcerated at Moberly Correctional Center ("MCC"). When petitioner filed this action, Larry Denney was the Warden at MCC. Dean Minor is the current Warden at MCC. Consequently, the Court will direct the Clerk to substitute Dean Minor as the respondent in this action.

a hearing. (Resp't Ex. G at 3-9, 14-25, 32-37). On September 11, 2013, the Missouri Court of Appeals affirmed the decision of the trial court. (Resp't Ex. J).

On April 9, 2013, Petitioner filed the instant petition before this Court, and he filed an Amended Petition on August 12, 2013. (Doc. Nos. 1 & 16). In his Amended Petition, he raised two grounds of relief: (1) that he was denied his right to due process under the U.S. and Missouri Constitutions; and (2) that he was denied effective counsel because his trial counsel failed to request that the trial court submit an instruction on the lesser-included offense of second-degree assault. (Doc. No. 16 at 5-7). After Respondent filed a motion for more definite statement as to the first ground, Petitioner voluntarily moved to dismiss the first ground, and the Court granted Petitioner's motion. (Doc. Nos. 17-19). Thus, only Petitioner's second ground of relief is currently before the Court. Respondent argues that this claim is without merit.

## II. FACTUAL BACKGROUND

The Missouri Court of Appeals set forth the factual background of Petitioner's case as follows:

> The State charged [Petitioner] as a prior offender with first-degree assault and armed criminal action. The evidence presented at trial, viewed in the light most favorable to the verdict, is as follows:
>
> On December 7, 2007, DeAndra Pointer (Pointer) was talking to a friend outside a deli in Riverview. The deli was located between an apartment complex and a fire department. While Pointer and his friend were talking, several other people were nearby, including two women, several firefighters, and two children aged four and nine.
>
> At one point, Pointer turned around and saw [Petitioner], one of his neighbors, standing on the opposite side of the street trying to load a gun. [Petitioner] raised the gun and aimed it at Pointer. Pointer and his friend both started to run away. As he was running, Pointer grabbed the two children, ran between some cars, and told the children to stay down. Pointer looked up after hearing a gunshot, saw [Petitioner] coming toward him, and started to run again. [Petitioner] fired the gun again and Pointer turned around to see [Petitioner] stopping to take aim at him.

> Pointer heard one or two more shots as he was running away. After fleeing, one of Pointer's friends picked him up and drove Pointer back to where the shooting occurred to meet the police. Several days later, Pointer saw [Petitioner] jumping some of the neighbors' fences trying to get back to [his] apartment building. Pointer called the police and [Petitioner] was arrested.
>
> Pointer testified that prior to the shooting, he and [Petitioner] were acquaintances. Pointer believed the shooting may have been motivated by the fact that, at some time prior to the shooting, Pointer had chased [Petitioner] down the street after [Petitioner] had punched Pointer in the mouth.
>
> Nancy Stewart (Stewart), an employee for the city, testified that she had just posted a flyer in the deli's window when she saw [Petitioner] start shooting at two men. . . .
>
> The jury found [Petitioner] guilty on both counts. The trial court sentenced [Petitioner] to two concurrent sentences of 15 years' imprisonment.

(Resp't Ex. E at 2-3).

## III.  DISCUSSION

As noted above, Plaintiff's sole claim is that he was denied effective counsel because his trial counsel failed to request that the trial court submit an instruction on the lesser-included offense of second-degree assault.

### A. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of the claims in a habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The Court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988) (citation omitted); *see also Boerckel*, 526 U.S. at 848. If they have not, the petitioner may still satisfy the exhaustion requirement if there are no "currently available, non-futile state remedies" by which he could present his claims to the state

court. *Smittie*, 843 F.2d at 296 (citation omitted) (internal quotation marks omitted). A review of the record shows that Petitioner's claim for relief is exhausted because he properly raised the claim in state court, where it was determined on the merits. Thus, the Court will address the claim on the merits.

### B. Merits Analysis

#### 1. Legal Standard

"In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citation omitted). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular

prisoner's case." *Williams*, 529 U.S. at 407-08; *Bell*, 535 U.S. at 694. "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings . . . only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted).

### *2. Discussion*

Petitioner argues that his trial counsel was ineffective for failing to request a jury instruction for assault in the second degree. The Missouri Court of Appeals reviewed the merits of this claim and denied Petitioner relief.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) "[his] counsel's performance was deficient" and (2) "the deficient performance prejudiced [his] defense." *Id*. at 687. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances*.*" *Id.* at 688. Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Indeed, a strong presumption exists that counsel's conduct "might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

In the context of a habeas claim, it is not sufficient for Petitioner to "show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance." *Bell*, 535 U.S. at 698-99. "Rather, he must show that the [state appellate court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

The Missouri Court of Appeals did not apply *Strickland* in an objectively unreasonable manner to the facts here. In assessing whether counsel's performance was deficient, the Missouri Court of Appeals found that trial counsel's decision not to request the instruction was not an unreasonable trial strategy, because his strategy was to convince to jury that someone other than Petitioner had been the shooter. (Resp't Ex. J at 4). That determination is supported by the facts in the record. At the evidentiary hearing, trial counsel testified that his argument at trial was that the shooter had been someone other than Petitioner and that an instruction on second-degree assault would have been inconsistent with the defense. (Resp't Ex. F at 8-9). Moreover, the trial transcript reveals that trial counsel began his closing argument with the statement, "[Petitioner] was not the person who fired any shots at Deandra Pointer on December 7, 2007." (Resp't Ex. A at 152). Trial counsel is not ineffective for deciding not to include a lesser-included offense instruction where such an instruction is inconsistent with defense strategy. *See Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir. 1997) (citation omitted) ("[T]rial counsel's decision not to request the lesser-included offense instructions was reasonable trial strategy because the instructions would have been inconsistent with [the petitioner's] alibi defense."); *see also Riley v. Lockhart*, 726 F.2d 421, 423 (8th Cir. 1984) (finding no ineffective

assistance of counsel where "trial counsel employed an all-or-nothing strategy" rather than seeking a lesser included instruction).

Moreover, the Missouri Court of Appeals' finding that Petitioner failed to show prejudice from the lack of a second-degree assault instruction was reasonable. As the Missouri Court of Appeals noted, a person commits second-degree assault under Missouri law if he "[a]ttempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause." Mo. Rev. Stat. § 565.060. "Sudden passion" is "passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation." *Id.* § 565.002(7). "Sudden passion is not established when a reasonable person had time for the passion to cool." *State v. Craig*, 33 S.W.3d 597, 600 (Mo. Ct. App. 2000) (citation omitted). Petitioner argued that a finding of sudden passion was supported because (1) there was evidence of a past incident in which Petitioner had hit the victim in the mouth, and (2) the victim testified that the hitting incident might have sparked other events that took place between Petitioner and the victim. (Resp't Ex. A at 114; Resp't Ex. G at 20; Resp't Ex. H at p. 18). However, as the Missouri Court of Appeals noted, those encounters happened in the past and would have allowed time for the passion to cool. Petitioner cited no evidence that he and the victim had any encounters close in time to the shooting that might support a finding of sudden passion. In light of the lack of evidence supporting sudden passion, it was more than reasonable for the Missouri Court of Appeals to find no reasonable probability that the jury's verdict would have been different had the trial court given the jury an instruction on second-degree assault.

In sum, I find that the Missouri Court of Appeals' determination on Plaintiff's ineffective assistance of counsel claim was not objectively unreasonable in light of the facts of this case and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, Plaintiff's claim will be denied.

### IV. CONCLUSION

For the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claim, so the Court will not issue a Certificate of Appealability. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that the Clerk shall substitute Dean Minor as respondent in this action.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 13th day of August, 2014.

                                                /s/ Shirley Padmore Mensah
                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE